IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Robert Chambers, an individual,

    Plaintiff,

v.

Z&F, Inc. d/b/a 7-Eleven, a Colorado corporation,

Sheikh Qaisar, an individual.

    Defendants.

## COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW, the Plaintiff, Robert Chambers, by and through his attorneys, Thomas H. Mitchiner, of Mitchiner Law, LLC and Steven Murray of Murray Law, LLC submitting his Complaint with Request for Jury Trial against Defendants, Z&F, Inc. d/b/a 7-Eleven, and Sheikh Qaisar, stating the following allegations:

### Nature of the Case

This action is a consumer discrimination case arising from the Defendants' discriminatory treatment of the Plaintiff, Robert Chambers, based on his race, Black, and his disability, Post Traumatic Stress Disorder [PTSD]. The discriminatory practices include the Defendants, Z&F, Inc. d/b/a 7-Eleven, and Sheikh Qaisar, refusing to allow Plaintiff Chambers to enter the store, purchase items, and subjecting him to harassment in the store, and calling the police on him. The discriminatory actions violated the Civil

1

Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 (Section 1981), and the Colorado Anti-Discrimination Act, C.R.S. §§ 24-34-601(b) and 24-34-802 (CADA).

## Jurisdiction and Venue

1. Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331,1343 (a) (3) (4), 1367(a) and 42 U.S.C. § 1981.

2. This action is authorized and instituted under 42 U.S.C. § 1981. Section 1981.

3. This action is authorized and instituted pursuant to CADA.

4. The claims at issue arose in the state of Colorado.

5. All claims arose in the Judicial District of this Court.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) (c) and 42 U.S.C. § 1981.

## Parties

7. Plaintiff, Robert Chambers [Chambers], is a 60-year-old disabled Black male resident of the State of Colorado.

8. Chambers suffers from PTSD. He is 160 % disabled.

9. Chambers was honorably discharged from the United States Army in 1990.

10. Defendant, Z&F, Inc. d/b/a 7-Eleven [7-Eleven], is Colorado corporation that operates a 7-Eleven Store in Colorado Springs, CO, located at 331 S. Hancock Avenue.

11. Defendant, Z&F, Inc. d/b/a 7-Eleven is a public accommodation under CADA, C.R.S. § 24-34-601(1).

12. Defendant Sheikh Qaisar [Qaisar] owns and operates the 7-Eleven, and he is a person under 42 U.S.C. § 1981 and CADA, C.R.S. § 24-34-601(1).

13. Defendant, Z&F, Inc. d/b/a 7-Eleven, and Defendant Qaisar are persons under 42 U.S.C. § 1981.

## Administrative Procedures

14. Prior to filing this action, Chambers timely, properly and lawfully exhausted all required administrative prerequisites procedures and remedies.

15. Chambers filed a charge of race and disability public accommodation discrimination against 7-Eleven with the Colorado Civil Rights Division [CCRD] on or about January 7, 2020. [CCRD Charge No. P2000007374x].

16. On June 18, 2020 the CCRD mailed, and Chambers' received a "Notice of Right to Sue" for CCRD Charge No. P2000007374x, which entitles him to initiate this action within 90 days of the mailing of said notice.

## General Allegations

17. During the summer months, Chambers and his friends spend time at Memorial Park in Colorado Springs.

18. The 7- Eleven is the closest convenience store to where Chambers and his friends gather in the summer.

19. On or about September 21, 2019, Chambers and a Black male friend drove to the 7-Eleven store and entered to purchase bottles of water and cups.

20. Chambers entered the store to purchase bottles of water and cups of ice for his friends.

21. At that time, Defendants, through Qaisar, informed Chambers and his friend that they would have to pay for the cups of ice.

22. Chambers acknowledged Qaisar's statement and Chambers informed Qaisar that he intended to purchase the cups.

23. Before Chambers could place the items on the counter to pay for them, Qaisar reached over the counter and removed the items from Chambers' hands.

24. Defendants, through Qaisar, refused to allow Chambers to make the purchase.

25. Defendants, through Qaisar, then told Chambers to "get the fu** out of [his] store."

26. After telling Chambers to "get the fu** out of [his] store," Defendants, through Qaisar, mentioned that Chambers' license plate indicated that he had a disability.

27. Chambers left the store without making any purchases.

28. Defendants, through Qaisar, called the police on Chambers that afternoon.

29. At that time, Chambers did not know that the Defendants had called the police on him.

30. A week later, on or about September 28, 2019, Chambers parked in front of the 7-Eleven and started to enter the store to purchase water and ice.

31. Chambers entered the store with the friend that went with him on September 21st and another Black male friend.

32. Chambers picked up the water bottles and the cups of ice and went to the counter to purchase the items.

33. Defendants, through Qaisar, again seized the items from Chambers hands and refused to let him make a purchase.

34. Defendants, through Qaisar, again told Chambers that he was trespassing and again told him to "get the fu** out of [his] store."

35. Defendants, through Qaisar, then called the police on Chambers a second time.

36. At no time did Chambers or any of his friends engage in any improper conduct while in the store or around the store.

37. Qaisar did not accurately relate to the police what occurred at the store to get them to respond to the store. In the event that Qaisar had informed the police of the events which actually occurred, the police would not have responded to the store, because nothing occurred that required police presence.

38. On the second occasion, Chambers spoke with the police.

39. The police informed Chambers that he could not return to the store.

40. The Defendants utilized the Colorado Springs Police Department to deprive Chambers of his right to enter the store, shop in the store and/or make purchases at the store, and to be free from harassment in the store, and free from having to confront the police when he had nothing wrong or improper.

41. The Defendants took the discriminatory actions against Chambers because of his race, Black.

42. The Defendants took the discriminatory actions against Chambers because of his disability, PTSD.

43. Chambers can no longer enter the convenience store closest to where he and his friends gather because of the Defendant's discriminatory actions.

44. Chambers did not engage in any conduct that would warrant the treatment he has experienced.

45. The Defendants engaged in an unlawful and discriminatory practice against Chambers by refusing to permit him to enter the store, make purchases in the store, and be present in the store free from harassment.

46. The Defendants engaged in an unlawful and discriminatory practice against Chambers by calling the police on him, on two occasions, for no legitimate reason.

47. The Defendants engaged in an unlawful and discriminatory practice against Chambers by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation.

48. The Defendants engaged in an unlawful and discriminatory practice against Chambers engaged in discrimination against Chambers by be refusing and/or withholding patronage from him.

49. At all times, Defendant, Z&F, Inc. d/b/a 7-Eleven, and Defendant Qaisar acted intentionally to deprive Chambers of his rights because of Chambers' race.

50. At all times, Defendant, Z&F, Inc. d/b/a 7-Eleven, and Defendant Qaisar acted intentionally to deprive Chambers of his rights because of Chambers' disability.

51. Because of the Defendants' actions, Chambers suffered humiliation, embarrassment and emotional distress.

52. The Defendants' actions were willful, malicious, and/or made with a reckless disregard to the Chambers' federally protected rights to be free from racial discrimination in making purchases at stores.

## First Claim for Relief
(Race Discrimination – Section 42 U.S.C. § 1981 – All Defendants)

53. The foregoing allegations are realleged and incorporated by reference.

54. Chambers is in the protected class of persons covered under 42 U.S.C. § 1981.

55. Chambers is a Black male.

56. The Defendants acted with the intent of discriminating against Chambers because of his race, Black.

57. The Defendants' actions denied Chambers' his right to engage in activity protected by 42 U.S.C. § 1981, the right to make and enforce contracts.

58. On or about September 21, 2019, and September 28, 2019, the Defendants denied Chambers, in the course of being a customer in the store, the right to make and enforce contracts as protected by 42 U.S.C. § 1981 by, among other things, because of his race, preventing him from entering the store, and/or making purchases in the store, being free from hostility, harassment, and discrimination in the store, calling the police on him for no legitimate reason.

59. As a proximate result of the Defendants' foregoing wrongful acts, Chambers suffered and will continue to suffer emotional injuries, including, but not limited to, stress, humiliation, and anxiety.

60.     Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of punitive damages against Defendant in an amount adequate to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### Second Claim for Relief
(Disability Discrimination – C.R.S. §§ 24-34-601(b) and 24-34-802 – All Defendants)

61.     The foregoing allegations are realleged and incorporated by reference.

62.     On or about September 21, 2019, and September 28, 2019, 7-Eleven denied Chambers the right to enter the store and make purchases in the store, and Defendants called the police on Chambers for no legitimate reason, because of his disability, PTSD.

63.     Chambers is a person with a disability under CADA. PTSD is a qualifying disability as defined by C.R.S. § 24-34-301(5.6).

64.     Defendants, in denying Chambers the right to enter the store and/or to make a purchase in the store, through Qaisar, made note of Chambers having a disability.

65.     As a proximate result of the Defendants' foregoing wrongful acts, Chambers suffered and will continue to suffer emotional injuries, including, but not limited to, stress, humiliation, and anxiety.

### Request for Relief

WHEREFORE, Plaintiff, Robert Chambers, respectfully requests that judgment be entered against Z&F, Inc. d/b/a 7-Eleven and Sheikh Qaisar, as follows:

A.      Against Z&F, Inc. d/b/a 7-Eleven for general damages available under Section 1981, as allowed by law;

B.  Against Z&F, Inc. d/b/a 7-Eleven for compensatory damages available to Chambers under Section 1981, as allowed by law;

C.  Against Z&F, Inc. d/b/a 7-Eleven for punitive and exemplary damages available to Chambers under Section 1981, as allowed by law;

D.  Against Z&F, Inc. d/b/a 7-Eleven for actual, general damages for the Defendants' violation of CADA;

E.  Against Z&F, Inc. d/b/a 7-Eleven for attorney's fees and costs available to Chambers under Section 1981 and CADA, as allowed by law;

F.  Against Sheikh Qaisar for actual and general damages available to Chambers under Section 1981, as allowed by law;

G.  Against Sheikh Qaisar for punitive and exemplary damages available to Chambers under Section 1981, as allowed by law;

H.  Against Sheikh Qaisar for actual, general damages for the Defendants' violation of CADA;

I.  Against Sheikh Qaisar for attorney's fees and costs available to Chambers under Section 1981 and CADA, as allowed by law;

J.  Prejudgment interest; and,

K.  To award Chambers any and all other legal and equitable relief, to which Chambers is entitled pursuant to any law, that this Court deems just, equitable, and proper.

## JURY TRIAL REQUEST

Pursuant to Fed.R.Civ.P. 38 (a)(b)(c), Title VII, and 42 U.S.C. § 1981, and all applicable laws providing for a right to trial by jury, Chambers seeks a jury trial of all claims and issues in this action.

Respectfully submitted this September 15, 2020.

By:
    Mitchiner Law, LLC

    /s/ Thomas H. Mitchiner
    Thomas H. Mitchiner
    Mitchiner Law, LLC
    1888 N. Sherman St., Ste 200
    Denver, CO 80203
    Phone: 720-538-0371
    E-mail: tmitchiner@mitchinerlawllc.com
    Attorney for Plaintiff Robert Chambers

By:
    Murray Law, LLC

    /s/ Steven L. Murray
    Steven L. Murray
    Murray Law, LLC
    1888 N. Sherman St., Ste 200
    Denver, CO 80203
    Phone: 303-396-9952
    E-mail: Steven@smurraylaw.com
    Attorney for Plaintiff Robert Chambers

Address of Plaintiff: 8081 Willowick Court, Colorado Springs, CO 80928